IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ROBIN CALLEN, | ) |
| Plaintiff, | ) ) ) **CV415-164** |
| v. | ) Civil Action No. _____ |
| ANSLEY WILLIAMS and FIRST THUNDERBOLT, INC., | ) ) COMPLAINT FOR SPECIFIC ) PERFORMANCE, DAMAGES, AND ) INJUNCTIVE RELIEF |
| Defendants. | ) ) ) |

## I. NATURE OF THE ACTION

1.

Plaintiff is a stockholder of Defendant First Thunderbolt, Inc. ("FTI"), a closely held corporation. Section 12.1 of FTI's By-Laws placed restrictions on the sale of FTI stock and required Defendants to afford other shareholders of FTI the opportunity to acquire a proportionate share of any FTI stock sold by other shareholders of FTI at book value. Defendant Williams became the controlling stockholder of FTI by acquiring all of the stock from shareholders of FTI without affording Plaintiff either notice or the opportunity to purchase a proportionate amount of that stock at book value. Plaintiff seeks specific performance and monetary damages to remedy the harm resulting from Defendants' breach of FTI's By-Laws and fiduciary duties. Specifically, Plaintiff seeks an Order requiring Defendant Williams to transfer to Plaintiff a proportionate share of the stock Defendant Williams acquired from Justin and Tara Callen at the book value of the stock in accordance with Section 12.1 of FTI's By-Laws.

Monetary losses include diminishment of the value of Plaintiff's stock and attorney's fees and expenses. Plaintiff also seeks an injunction preventing Defendant Williams from selling or encumbering his stock during the pendency of this litigation. Defendant Williams' intentional disregard for FTI's By-Laws for his personal financial benefit also entitles Plaintiff to an award of punitive damages.

## II. PARTIES

2.

Plaintiff Robin Callen is a resident of the State of Florida.

3.

Defendant Ansley Williams is a citizen and resident of Chatham County, Georgia. Defendant Williams may be served with process at 322 East Factors Walk, Savannah, Georgia 31401.

4.

Defendant FTI is a Georgia corporation with its principal place of business at 322 East Factors Walk, Savannah, Georgia 31401. FTI may be served with process through its registered agent Christina B. Norman at 322 East Factors Walk, Savannah, Georgia 31401.

## III. JURISDICTION

5.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(2). There is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

This Court has personal jurisdiction over Defendants because they are domiciled in Chatham County, Georgia.

## IV. VENUE

7.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 28 U.S.C. §90(a)(3) because a substantial part of the events giving rise to the claims occurred in the Southern District of Georgia, Savannah Division.

## V. FACTS

8.

FTI is a closely held corporation organized pursuant to the Georgia Business Corporation Code to, among other things, acquire, own, develop, manage, operate, maintain, rent, lease, sublease, sell, franchise, or otherwise deal with the real estate business.

9.

FTI's stock is not publically traded.

10.

Defendant Williams is the President and majority stockholder of FTI. He is also a director of FTI. As such, he owes fiduciary duties to Plaintiff and the other stockholders of FTI.

11.

Defendant Williams is the only stockholder involved in the management and day to day operations of FTI.

12.

As of January 1, 2012, the stockholders of FTI and their shares of common capital stock of FTI were as follows:

| | |
|---|---|
| Ansley Williams | (40,000) |
| Stanley Strickland | (5,000) |
| Justin Callen | (18,333) |
| Tara Callen | (18,333) |
| Robin Callen | (18,333) |

13.

In 2012, Defendant Williams, in his individual capacity, engaged in negotiations with Justin and Tara Callen to acquire all of their shares of stock in FTI for himself and ultimately acquired each of their shares without following the requirements of Section 12.1 of FTI's By-Laws.

14.

Upon information and belief, Defendant Williams acquired Justin Callen's FTI stock in 2012 for $113,166.67. Upon information and belief, Defendant Williams used FTI assets to pay Justin Callen an additional $111,833.33 to pay off Justin Callen's shareholder loan to FTI.

15.

Upon information and belief, Defendant Williams acquired Tara Callen's FTI stock in 2012 for $113,166.67. Upon information and belief, Defendant Williams used FTI assets to pay Tara Callen an additional $111,833.33 to pay off Tara Callen's shareholder loan to FTI.

16.

Defendant Williams' acquisition of the stock of Justin and Tara Callen allowed Defendant Williams to own a controlling interest in FTI. After Defendant Williams acquired this

stock, the stockholders of FTI and their respective shares of common capital stock of FTI were as follows:

| | |
|---|---|
| Ansley Williams | (76,600) |
| Stanley Strickland | (5000) |
| Robin Callen | (18,333) |

17.

A copy of FTI's By-Laws are attached hereto as Exhibit 1.

18.

Section 12.1 of FTI's By-Laws is entitled "Restriction on Sale or Other Disposition of Shares." This Section allows FTI to purchase any and all shares owned and held by any shareholder who desires to sell, transfer or otherwise dispose of his shares. If said shares are not purchased by the Corporation, this Section gives FTI's shareholders a right to acquire his proportionate share of the stock being sold by any other shareholder.

19.

Section 12.1(c) of FTI's By-Laws provides in pertinent part that the purchase price of the shares "shall be payable in cash, and shall be the book value of the stock as of the first notice, as determined according to accepted accounting practices, and shall be binding upon the parties."

20.

Section 12.1(d) of FTI's By-Laws provides in pertinent part that "if the shares aforesaid are not purchased by said Corporation within the time hereinbefore specified, such shareholder, or the administrator or executor of such decedent shareholder, shall offer his shares to the other shareholders of this Corporation, pro rata, by fourteen (14) days, to exercise the aforedescribed right to acquire his proportionate share to such portion of said share; but, in the event that any of

the aforedescribed purchased shares are not taken and purchased by any or all of the remaining shareholders, then and thereupon the remaining shares shall be available for said administrator or executor of such decedent shareholder to sell to any person whomsoever."

21.

Section 12.1(e) of FTI's By-Laws provides in pertinent part that any shares produced by FTI "shall be divided or assigned by the then Secretary of said Corporation to any one or more of the remaining Shareholders of said Corporation, each in their respective pro rata share, on the payment by such Shareholders of the proportionate amount of the purchase price thereof, and upon fourteen (14) days notice to all such remaining Shareholders, by registered mail, sent to each of them to the address appearing on the registry books of said Corporation."

22.

Under Section 12.1 of FTI's By-Laws, Defendants were required to give Plaintiff the opportunity to purchase a proportionate share of Justin and Tara Callen's stock for the book value of the stock as of the first notice to Defendants of their intent to sell, as determined by an accountant pursuant to accepted accounting practices, if FTI did not purchase the stock.

23.

Defendants failed to give Plaintiff either notice or the opportunity to purchase a proportionate share of Justin and Tara Callen's stock at book value.

24.

Had Defendants given Plaintiff notice and the opportunity, Plaintiff would have purchased all of Justin and Tara Callen's stock at book value and had the financial means to do so.

6

25.

Defendants' failure to comply with Section 12.1 of FTI's By-Laws caused Plaintiff harm by depriving him of the opportunity to purchase a proportionate share of the Callens' stock and by diminishing the value of FTI stock owned by Plaintiff.

26.

The value of the stock of FTI at issue in this controversy exceeds $75,000.00, exclusive of interest and costs.

## COUNT I

## BREACH OF CONTRACT

27.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 26 as if fully alleged herein.

28.

The By-Laws of FTI constitute permanent rules governing its management and, as such, are binding on its stockholders.

29.

Defendants failed to comply with the requirements of Section 12.1 of FTI's By-Laws by allowing Defendant Williams to acquire Justin and Tara Callen's stock and by failing to allow Plaintiff to exercise his right to purchase a proportionate share of Justin and Tara Callen's stock at book value.

30.

As a result of Defendants' breach of FTI's By-Laws, Defendant Williams wrongfully

acquired Justin and Tara Callen's stock and a controlling interest in FTI. Plaintiff was damaged because he lost the opportunity to purchase at least a proportionate share of Justin and Tara Callen's stock at book value. Plaintiff was also damaged by Defendants' breach of FTI's By-Laws because said breaches allowed Defendant Williams to obtain a majority interest in FTI.

## COUNT II

### SPECIFIC PERFORMANCE

31.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 30 as if fully alleged herein.

32.

Monetary damages will not fully compensate the Plaintiff for the loss of the opportunity to purchase a proportionate share of Justin and Tara Callen's stock.

33.

Therefore, Defendant Williams should be specifically ordered by the Court to transfer a proportionate share of the FTI the stock he acquired from Justin and Tara Callen to Plaintiff at the book value of the stock as of the date of the first notice to Defendants as determined by a qualified accountant according to accepted accounting principles.

## COUNT III

### BREACH OF FIDUCIARY DUTY

34.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 33 as if fully alleged herein.

35.

Defendants owed fiduciary duties to stockholders of FTI, including Plaintiff.

36.

Defendants had a duty to comply with Section 12.1 of the By-Laws in connection with the sale of Justin and Tara Callen's shares of stock.

37.

Defendants breached fiduciary duties owed to Plaintiff by acquiring for his personal benefit the Callens' stock in violation of FTI's By-Laws and by failing to afford Plaintiff the notice and the opportunity to purchase a proportionate share of Justin and Tara Callen's shares at book value as required under Section 12.1 of FTI's By-Laws.

38.

Upon information and belief, Defendant Williams also breached fiduciary duties by using funds of FTI to purchase FTI stock for himself and/or by using funds of FTI to pay off Justin and Tara Callen's shareholder loans.

39.

As a result of Defendants' breach of fiduciary duties owed to Plaintiff, Plaintiff lost the opportunity to purchase at least a proportionate share of Justin and Tara Callen's stock at book value. Plaintiff was also harmed by Defendants' breach of fiduciary duties because said breaches allowed Defendant Williams to obtain a controlling interest in FTI.

## COUNT IV

## ACCOUNTING

40.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 39 as if fully alleged herein.

41.

Pursuant to Section 12.1(c) of FTI's By-Laws and pursuant to Georgia law, Plaintiff is entitled to an accounting of FTI's books and records to determine the book value of the shares of Justin and Tara Callen as of Defendant's first notice of their intent to sell their stock, as determined by a qualified accountant pursuant to accepted accounting principles.

## COUNT V

## INJUNCTIVE RELIEF

42.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 41 as if fully alleged herein.

43.

Unless Defendant Williams is enjoined from selling or otherwise disposing of the stock he purchased in violation of FTI's By-Laws, Plaintiff will suffer irreparable injury.

44.

Plaintiff requests that preliminary and permanent injunctions issue to enjoin Defendant Williams from selling or otherwise disposing of the stock he purchased in violation of FTI's By-Laws.

10

## COUNT VI

## ATTORNEY'S FEES AND EXPENSES

45.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 44 as if fully alleged herein.

46.

Plaintiff was forced to hire an attorney and incur legal fees and expenses as a result of Defendants' actions.

47.

Defendant Williams has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to an award of its attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT VII

## PUNITIVE DAMAGES

48.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 47 as if fully alleged herein.

49.

Defendant Williams' intentional breach of fiduciary duties for his personal financial gain shows willful misconduct, malice, fraud, wantonness, oppression and an entire want of care sufficient to raise the presumption of a conscious indifference to the consequences of his actions. Plaintiff is thereby entitled to an award of punitive damages pursuant to O.C.G.A. § 51-1-5.1 to

punish Defendant Williams and deter him from future like conduct.

WHEREFORE, Plaintiff requests the following relief:

(a)   That summons and process issue and be served upon Defendants according to law;

(b)   That Plaintiff be given a trial by jury;

(c)   That the Court order an accounting of FTI's books and records by a qualified accountant;

(d)   That the Court specifically order Defendant Williams to transfer a proportionate share of the stock he purchased from Justin and Tara Callen to Plaintiff for the book value of the stock as of the date when FTI received first notice of Justin and Tara Callen's intention to sell their shares of stock as determined by a qualified accountant;

(e)   For an injunction which enjoins Defendant Williams from selling or encumbering his FTI stock until the litigation is concluded;

(f)   For an award of monetary damages suffered by Plaintiff in an amount to be proven at trial;

(g)   For an award of punitive damages in an amount determined by a fair and impartial jury;

(h)   For an award of attorney's fees and expenses pursuant to O.C.G.A. §13-6-11; and

(i)   That Plaintiff be given such other and further legal and equitable relief as the Court deems just and proper.

This 5th day of June, 2015.

                                          OLIVER MANER LLP

P.O. Box 10186                       /s/ *Timothy D. Roberts*
Savannah, GA 31412            TIMOTHY D. ROBERTS
912-236-3311                        Georgia Bar No. 609795
                                         LAUREN E.H. MEADOWS
                                         Georgia Bar No. 575757
                                         Attorneys for Plaintiff